In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00140-CR

                                                ______________________________

 

 

                                      HAROLD JAY JONES,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                          Red
River County, Texas

                                                          Trial Court
No. CR00708

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Harold
Jay Jones was convicted of delivery of a controlled substance in a drug-free
zone[1] and
sentenced to five years’ incarceration, which sentence was probated for a
period of five years.  Jones appeals the
judgment revoking his community supervision and sentencing him to five years’
incarceration.  Jones was represented by
different appointed counsel at trial and on appeal.

            Jones’
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 360 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.]
1978).  

            Counsel
mailed a copy of the brief to Jones on November 14, 2011, informing Jones of
his right to file a pro se response and of his right to review the record.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  Jones has neither filed a pro se response,
nor has he requested an extension of time in which to file such a
response.  

            We
have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and we agree that no arguable issues support
an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App.
2005).  

            Counsel
has pointed out, however, a clerical error in the judgment.  The trial court’s amended judgment revoking
community supervision states that Jones pled true to the allegations in the
motion to revoke community supervision. 
At the revocation hearing, Jones entered an ambiguous plea.  The trial court, therefore, entered a plea of
not true to all allegations. 
Accordingly, we will reform the judgment to reflect a plea of “not true”
to the motion to revoke.  See French v. State, 830 S.W.2d 607, 609
(Tex. Crim. App. 1992) (appellate court has authority to reform judgment to
make the record “speak the truth” when matter has been called to its attention
by any source).  

            In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or affirmed.  See
Anders, 386 U.S. 738.

            We
affirm the judgment of the trial court, as reformed.[2]

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January 30, 2012

Date Decided:             January 31, 2012

 

Do Not Publish

 











[1]See Tex.
Health & Safety Code Ann. § 481.114 (West 2010).

 





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant
must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing or for en banc reconsideration was overruled by
this Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal
Appeals.  See Tex. R. App. P.
68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104,
effective Sept. 1, 2011).  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.